IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARY ANN GARCIA,**

      **Plaintiff,**

vs.                                                                                                      **No.  09cv0038 DJS**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff's (Garcia's) Motion to Remand or Reverse Decision of the Commissioner **[Doc. No. 16]**, filed on January 1, 2010, and fully briefed on March 3, 2010 (Notice of Completion).  On February 22, 2008, the Commissioner of Social Security issued a final decision denying Garcia's claim for disability insurance benefits and supplemental security income payments.  Garcia seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).  Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, the Court finds that the motion to remand is well taken and will be **GRANTED**.

**I.  Factual and Procedural Background**

Garcia, now fifty years old (D.O.B. March 20, 1960), filed her application for disability insurance benefits and supplemental security income payments on March 3, 2005 (Tr. 14), alleging disability since September 20, 2004, due to anxiety, depression and post-traumatic syndrome.  Garcia's insured status for disability insurance benefits expired on June 30, 2007.  *Id.*

Thus, Garcia must establish that she was disabled on or before that date.  *See Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir.1993).  Garcia has a high school education (Tr. 224) and past relevant work as a telephone installer, a warehouse worker and a casino floor technician.

On February 22, 2008, the Commissioner's Administrative Law Judge (ALJ) denied benefits, finding Garcia was not disabled as she had "the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform unskilled work dealing primary[ly] with things, not people, that requires only occasional contact with supervisors and coworkers."  Tr. 19.  The ALJ further found Garcia's "statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not entirely credible."  Tr. 20.

Garcia filed a Request for Review of the decision by the Appeals Council, along with additional evidence from her counselor  Tr. 7.[1]  On November 25, 2008, the Appeals Council denied Garcia's request for review of the ALJ's decision.  Tr. 7.  Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes.  Garcia seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## II.  Standard of Review

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. *Hamilton v. Secretary of Health and Human Servs.,* 961 F.2d 1495, 1497-98 (10th Cir. 1992).

---

[1] Although the new evidence was not before the ALJ, it was before the Appeals Council. Tr. 7.  Therefore, the Court must consider it when evaluating the Commissioner's decision for substantial evidence.  *See, O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994)(new evidence becomes part of the administrative record to be considered by the Court when evaluating the Commissioner's decision for substantial evidence).

Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Moreover, "all of the ALJ's required findings must be supported by substantial evidence," *Haddock v. Apfel,* 196 F.3d 1084, 1088 (10th Cir. 1999), and all of the relevant medical evidence of record must be considered in making those findings, *see Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989). "[I]n addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). Therefore, while the Court does not reweigh the evidence or try the issues de novo, *see Sisco v. United States Dep't of Health & Human Servs.*, 10 F.3d 739, 741 (10th Cir. 1993), the Court must meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings, in order to determine if the substantiality test has been met. *See Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).

"'The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)(quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)). The court "may not 'displace the agenc[y]'s choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'" *Id.* (quoting *Zolantski*, 372 F.3d at 1200).

### III.  Discussion

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity.  *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)).  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. § 404.1520 (a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  *Thompson*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past.  20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience.  *Id.*

In support of her motion to reverse and remand, Garcia contends the ALJ erred when he failed to give Skip Wardlow's testimony controlling weight.  Mr. Wardlow is a Licensed Alcohol and Drug Abuse Counselor and testified at the administrative hearing that he had been treating Garcia for three years. Tr. 51-52.  Specifically, Garcia contends the ALJ failed to follow the dictates of Social Security Ruling (SSR) 06-03p which states, in part:

4

"Other Sources"

In addition to evidence from "acceptable medical sources," we may use evidence from "other sources," as defined in 20 CFR 404.1513(d) and 416.913(d), <u>to show the severity of the individual's impairment(s) and how it affects the individual's ability to function</u>. These sources include, but are not limited to:

• Medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists; and
• "Non-medical Sources" including, but not limited to:
• Educational personnel, such as school teachers, counselors, early intervention team members, developmental center workers, and daycare center workers;
• Public and private social welfare agency personnel, rehabilitation counselors; and
• Spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, clergy, and employers.

Information from these "other sources" cannot establish the existence of a medically determinable impairment. Instead, there must be evidence from an "acceptable medical source" for this purpose. However, <u>information from such "other sources" may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function</u>.

* * *

Although the factors in 20 CFR 404.1527(d) and 416.927(d) explicitly apply only to the evaluation of medical opinions from "acceptable medical sources," these same factors can be applied to opinion evidence from "other sources."  These factors represent basic principles that apply to the consideration of all opinions from medical sources who are not "acceptable medical sources" as well as from "other sources," such as teachers and school counselors, who have seen the individual in their professional capacity.  These factors include:

> How long the source has known and how frequently the source has seen the individual;
> How consistent the opinion is with other evidence;
> The degree to which the source presents relevant evidence to support an opinion;
> How well the source explains the opinion;
> Whether the source has a specialty or area of expertise related to the individual's impairment(s); and
> Any other factors that tend to support or refute the opinion.

SSR 06–03p, 2006 WL 2329939 (emphasis added).

In regards to Mr. Wardlow's opinion, the ALJ found "[a]ny opinion on the claimant's psychiatric impairments would seem to be out of Mr. Wardlow's area of expertise." Tr. 20. Mr. Wardlaw testified he worked under Dr. Smith's supervision in treating Garcia. Tr. 52. Dr. Smith is Garcia's treating psychiatrist. At the hearing, Mr. Wardlow testified Garcia's ability "to function away from the home and independent of the med[ications] and continued supervision by Dr. Smith has not improved." Tr. 53. Mr. Wardlow's clinical notes indicate he had been her counselor for a long period of time. *See* Tr. 173-242. Dr. Smith also treated Garcia for an extended period of time and opined Garcia was disabled. *See* Tr. 165.

On April 18, 2008, Frazier Wilson, Garcia's current counselor at Isleta Behavioral Health, completed a Mental Impairment Questionnaire. Tr. 264-269. This report was not before the ALJ, but it was before the Appeals Council. Tr. 3. Mr. Wilson noted he had been treating Garcia since October 2007. Tr. 264. Mr. Wilson assigned Garcia a global assessment of functioning (GAF) score of 38.[2] Mr. Wilson found Garcia suffered from moderate to high level of anxiety on the Symptoms Distress Scale, moderate level of depressive symptoms on the Beck Depression Inventory II, and moderate symptoms on the Post Trauma Symptoms Risk Scale. Tr. 264. Mr. Wilson's prognosis for improvement was "minimal to fair." *Id.* Mr. Wilson identified the following signs and symptoms: decreased energy, thoughts of suicide, feelings of guilt or worthlessness, generalized persistent anxiety, mood disturbances, persistent disturbances of

---

[2] The GAF is a subjective determination using a scale of 1 to 100 of "the clinician's judgment of the individual's overall level of functioning." Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 32 (Text Revision 4th ed. 2000). A GAF score of 38 indicates the individual has "[s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work. *Id*. at 32.

mood or affect, paranoid thinking or inappropriate suspiciousness, emotional withdrawal or isolation, intense and unstable interpersonal relationships and impulsive and damaging behavior, pathologically inappropriate suspiciousness or hostility, pressures of speech and sleep disturbances. Tr. 265. Mr. Wilson also opined Garcia was "seriously limited, but not precluded," in the following areas concerning Mental Abilities and Aptitudes Needed to do Unskilled Work: (1) the ability to maintain attention for two hour segment; (2) sustain an ordinary routine without special supervision, (3) perform at a consistent pace without an unreasonable number and length of rest periods, and (4) respond appropriately to changes in a routine work setting. Tr. 266. Mr. Wilson also noted Garcia would, on average, be absent from work about four days per month. Tr. 269. Mr. Wilson noted Garcia was not a malingerer. *Id.*

The ALJ disregarded Dr. Smith's statement of disability because Dr. Smith "did not set forth any specific limitations." Tr. 20. However, Dr. Smith and Mr. Wardlaw worked as a team in providing mental health treatment to Garcia. Mr. Wardlaw testified as to Garcia's limitations. It is doubtful that Dr. Smith would have disagreed with Mr. Wardlaw's perceived limitations but, if this was an issue, the ALJ should have clarified it with Dr. Smith. Additionally, the ALJ gave Dr. Reed's psychological consultative evaluation "some weight" because Dr. Reed's opinion was consistent with the record as a whole." *Id.* However, Dr. Reed did not have Garcia's extensive mental health records available when he evaluated Garcia. Tr. 137. Moreover, the opinions of Dr. Smith and Mr. Wardlow were not inconsistent with their clinical notes.

In order to allow the ALJ the opportunity to consider Mr. Wilson's report, the Court will remand this matter. On remand, the ALJ shall also apply Social Security Ruling 96-2p and

conduct a *Watkins*[3] analysis in redetermining the weight he should accord Dr. Smith's opinion and Social Security Ruling 06-03p in determining the weight he should accord the opinions of Garcia's counselors (Wardlow, Wilson, and any current counselor).  The ALJ should also redetermine Garcia's RFC.  However, the Court expresses no opinion as to the extent of any impairment, or whether Garcia was or was not disabled during the relevant time period within the meaning of the Social Security Act.  This remand simply assures that the ALJ applies the correct legal standards in reaching a decision based on the facts of the case.

      A judgment in accordance with this Memorandum Opinion and Order will be entered.

 

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-1301 (10th Cir. 2003) (explaining factors for ALJ to consider when determining the appropriate weight to give to a treating physician's opinion).